Case 4:16-cv-00290 Document 20 Filed in TXSD on 11/07/16 Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
November 07, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

NICHOLAS ALLAN BEAUREGARD, §
TDCJ #1828305, §
　　　　　　　　　　　　　　　　§
　　　　Plaintiff, §
　　　　　　　　　　　　　　　　§
v. § CIVIL ACTION NO. H-16-0290
　　　　　　　　　　　　　　　　§
WILLIAM STEPHENS, et al., §
　　　　　　　　　　　　　　　　§
　　　　Defendants. §

## MEMORANDUM OPINION AND ORDER

The plaintiff, Nicholas Allan Beauregard (TDCJ #1828305), has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), alleging that he was denied adequate medical care while in state prison. At the court's request Beauregard has provided a "More Definite Statement" of his claims (Docket Entry No. 9), and the State Attorney General's Office has provided a report under Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1987) ("Martinez Report") (Docket Entry No. 18), which includes administrative and medical records that pertain to the Complaint. Because Beauregard is incarcerated, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering

all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Beauregard is currently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Estelle Unit in Huntsville.[1] The defendants are former TDCJ Director William Stephens, Estelle Unit Senior Warden O'Hara, and "John Doe" Medical Supervisor of the Estelle Unit Medical Infirmary.[2]

In 1992, when Beauregard was 11 years of age, he accidentally poked himself in the eye with a screwdriver.[3] In 2011 a private physician (Dr. Scott Smith) determined that the eye "needed to come out."[4] Beauregard reportedly requested surgery to remove his eye when he was admitted to TDCJ in 2013.[5]

On June 8, 2015, Beauregard had surgery to remove his eye at the University of Texas Medical Branch ("UTMB") Hospital in Galveston.[6] Beauregard claims that he was discharged from the UTMB Hospital the following day on June 9, 2015, without a prescription

---

[1]Complaint, Docket Entry No. 1, p. 3.

[2]Id.

[3]Plaintiff's More Definite Statement, Docket Entry No. 9, p. 2.

[4]Id. at 3.

[5]Id. at 2, 3.

[6]Id. at 3.

for pain medication or a cleaning solution to keep the eye socket from getting infected.[7]

On July 26, 2015, Beauregard submitted a Step 1 Grievance, complaining that he was denied pain medication and cleaning solution upon his discharge from the UTMB Hospital.[8] The prison official who investigated the grievance reviewed Beauregard's chart and responded on August 3, 2015, that doctors at the Hospital "did not order medications for pain or solution to clean [his eye] socket."[9] The prison official noted that Beauregard was scheduled for a follow-up appointment with the Ophthalmology Clinic a week after the surgery on June 16, 2015, but that he refused the appointment.[10] Beauregard did not file any sick call requests for pain medication or cleaning solution.[11] He was seen by a provider on July 20, 2015, when cleaning solution was ordered and he was "re-referred" to the Ophthalmology Clinic at the Hospital in Galveston.[12]

On August 4, 2015, Beauregard filed a Step 2 Grievance concerning his claim that he was not given pain medication or

---

[7]Complaint, Docket Entry No. 1, p. 4; Plaintiff's More Definite Statement, Docket Entry No. 9, p. 4.

[8]Step 1 Grievance #2015183614, attached to Martinez Report, Docket Entry No. 18-1, pp. 5-6.

[9]Id. at 6.

[10]Id.

[11]Id.

[12]Id.

cleaning solution after the removal of his eye.[13] An administrative official with the TDCJ Health Services Division replied on October 1, 2015, noting that Beauregard had access to pain medication because he was prescribed Ibuprofen "as needed Keep on Person (KOP)" by a unit provider on June 2, 2015, before undergoing surgery on June 8.[14] The official further confirmed that no medication or cleaning solution was prescribed by the Ophthalmologist after surgery and that he was scheduled for a follow-up examination, but refused the appointment.[15] The official concluded by noting that a referral to the Ophthalmologist was re-submitted for Beauregard when he was seen by a unit provider on July 20, 2015, and that Beauregard did not complain of pain during that appointment.[16]

Medical records confirm that Beauregard's treating physicians at the UTMB Hospital in Galveston discharged him with no change to his "home medication regimen" and did not prescribe pain medication.[17] Beauregard was scheduled to follow-up in one week with the TDCJ Ophthalmology Clinic at the UTMB Hospital.[18] On

---

[13]Step 2 Grievance #2015183614,, attached to Martinez Report Docket Entry No. 18-1, pp. 3-4.

[14]Id. at 4.

[15]Id.

[16]Id.

[17]Discharge Summary, attached to Martinez Report, Docket Entry No. 18-1, pp. 7-8.

[18]Id. at 8.

June 16, 2015, Beauregard declined the appointment.[19] Beauregard was treated in the Estelle Unit infirmary on July 20 2015, where he requested something with which to clean his eye socket as well as a "handicap shower and chow pass."[20] He did not complain of pain or request pain medication at that appointment.[21] Beauregard was prescribed a cleaning solution and issued a referral back to the Ophthalmology Clinic at the UTMB Hospital.[22]

On January 28, 2016, Beauregard executed the Complaint in this case.[23] Beauregard contends that he was denied adequate medical care in violation of the Eighth Amendment, and he wants compensatory damages from "TDCJ" for the "pain and suffering" that he has endured due to the removal of his eye.[24]

## II. Discussion

### A. Official Immunity — Eleventh Amendment

To the extent that Beauregard seeks monetary damages from TDCJ or from the individual defendants in their official capacity as TDCJ employees, his claims will be dismissed because they are

---

[19]TDCJ-ID Health Services Refusal of Treatment or Services, attached to Martinez Report, Docket Entry No. 18-1, p. 9.

[20]Correctional Managed Care Clinic Notes, attached to Martinez Report, Docket Entry No. 18-1, p. 10.

[21]Id.

[22]Id.

[23]Complaint, Docket Entry No. 1, p. 5.

[24]Id. at 4.

precluded by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. Federal court jurisdiction is restricted by the Eleventh Amendment and the principle of sovereign immunity that it embodies. See Seminole Tribe of Florida v. Florida, 116 S. Ct. 1114, 1122 (1996); see also Pennhurst State Sch. & Hosp. v. Halderman, 104 S. Ct. 900, 908-09 (1984) (explaining that the Eleventh Amendment acts as a jurisdictional bar to suit against a state in federal court). Unless expressly waived, the Eleventh Amendment bars an action in federal court by, inter alia, a citizen of a state against his or her own state, including a state agency. See Martinez v. Texas Dep't of Criminal Justice, 300 F.3d 567, 574 (5th Cir. 2002).

As a state agency, TDCJ is immune from a suit for money damages under the Eleventh Amendment. See Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). The Eleventh Amendment bars a recovery of money damages under 42 U.S.C. § 1983 from state employees in their official capacity. See Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002); Aguilar v. Texas Dep't of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998). Accordingly, Beauregard's claims for monetary damages from TDCJ and the

individual defendants in their official capacity as state employees are dismissed as barred by the Eleventh Amendment.

### B. Supervisory Liability

Beauregard fails to demonstrate that Director Stephens, Warden O'Hara, and the John Doe Infirmary Supervisor are liable in their individual capacities as supervisory officials. A supervisor may not be held liable for a civil rights violation under a theory of respondeat superior or vicarious liability. Monell v. Dep't of Social Svcs. of City of New York, 98 S. Ct. 2018, 2036 (1978); Evett v. DETNTFF, 330 F.3d 681, 689 (5th Cir. 2003). Because vicarious liability is inapplicable in a § 1983 suit, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009).

Supervisory officials can be held liable only if the plaintiff demonstrates either one of the following: (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the deprivation. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). There must be an affirmative link between the injury and the defendant's conduct. See id. at 304; see also Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) (citing Rizzo v. Goode, 96 S. Ct. 598, 604 (1976)). In the absence of personal participation in an offensive act a supervisor cannot be held

liable unless he implements a policy "so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Thompkins, 828 F.2d at 304 (quotations omitted).

Beauregard has not alleged facts showing that the individual defendants had any personal involvement with a constitutional violation. Nor has Beauregard alleged facts showing that the enforcement of any particular policy was the moving force behind any violation of his constitutional rights. Because the allegations do not establish the requisite personal involvement or the enforcement of a constitutionally deficient policy, Beauregard's Complaint against Director Stephens, Warden O'Hara, and the John Doe Infirmary Supervisor must be dismissed for failure to state a claim upon which relief can be granted.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** that the Complaint filed by Nicholas Allan Beauregard (Docket Entry No. 1) is **DISMISSED with prejudice** for failure to state a claim.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties. The Clerk will also provide a copy by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159; and (2) the**

District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

**SIGNED** at Houston, Texas, on this 7th day of November, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE